UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANNY AMEN VALENTINE SHABAZZ,

                Plaintiff,

-against-

ROBERT RZA DIGGS; SCOTT WHITELEATHER; ROBERT IGER, RON HOWARD; BRIAN GRAZER; CHRIS BRUCE; NICK SABEAN,

                Defendants.

23-CV-9084 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging claims of criminal copyright infringement. By order dated November 22, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Danny Amen Valentine Shabazz brings this action, attempting to assert claims for criminal copyright infringement. The following allegations are taken from the complaint. Unspecified individuals "greenlit Danny and his family's story illegally," which Plaintiff believes is illegal "[u]nder copyright law." (ECF 1, at 2.)[1] "Over 30 cast members have passed away." (*Id.*) Plaintiff suffered "[a] loss of 2.2 billion in revenues and multiple family members have been damaged and passed away." (*Id.*) Plaintiff's family "invest[ed] their resources in

---

[1] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

1992" when Plaintiff was 12, and "child labor laws were broken." (*Id.*) He alleges that, "[t]he media took a false narrative for 30 years. Danny, RZA, Oliver Grant, Mitchell Diggs and Samuel L Jackson, and Lucy Lui produced Afro Samurai Resurrection under a forged contract by Oliver Grant." (*Id.*) Plaintiff maintains that "3 people died from the illegal transaction." (*Id.*)

> Furthermore,
>
> Bob Iger and RZA got their hands on a treatment from 20th Century Fox, and an actor from Dead Poets Society from Delaware named Kurt Leitner. Kurt and Chris Bruce signed a NDA. Tom Kovach said during the illegal eviction on Danny in Delaware did he keep his belongings in a safe space. His law student Diamond Opher was Danny's assistant and her car was towed during this illegal eviction to steal Danny's life story.

(*Id.*)

Plaintiff further alleges that "the CIA or FBI removed Kurt's NDA from the Google pipeline to hide the facts of this case." (*Id.* at 2-3.) A "data breach and building negligence caused significant damage to Danny's spinal cord and past surgery with Dr. Vaid, Chris out of Wilmington and Newar[k], Delaware. Chris violated a copyright with Danny under the name King Creative LLC and Forever I Love America vocal and network production." (*Id.* at 3.)

> Plaintiff further alleges,
>
> Cerron Cade met with Danny on numerous occasions before Covid 19 and was given a multibillion dollar plan that later bailed the State of Delaware out for 1.2 billion from the SBA's Office of Disaster Assistance in Delaware. John Carney, and Danny met prior to the Covid-19 pandemic and he was also privy to see Danny's 10 year plans which he later used to enrich himself and his partners. Danny['s] g[oa]l originally was to build a facility in Delaware and Atlanta for production and design manufacturing. Danny finished the first phase with China and he never received any money from his deal with M[it]chell and Ness for the bail out of 1.2 billion.

(*Id.*)

Plaintiff asks the Court to "shut this production down and Robert Diggs return all masters" and to have "Cerron [C]ade of the office of Budget and Management return Danny's

3

trust fund and inheritance that are copyrights from the bail out of 1.2 billion." (*Id.*) He also seeks arrest warrants for Defendants and others.

## DISCUSSION

**A.    Criminal Copyright Claims**

Plaintiff appears to assert claims for criminal copyright infringement under 17 U.S.C. § 506, and seeks "arrest warrants" for several of the defendants. However, Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims for criminal copyright infringement for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Civil Copyright Claims and Lanham Act Claims**

To the extent Plaintiff seeks to assert civil claims for copyright infringement, his allegations are insufficient to state a viable claim. The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). "To state a claim for copyright infringement, a plaintiff must allege 'both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *Spinelli v Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted).

4

Plaintiff attaches to the complaint what appear to be screen shots suggesting that he may have copyrighted or attempted to copyright certain "titles." (*See, e.g.*, ECF 1, at 5-6 (indicating that Plaintiff is the "Copyright Claimant" of "Application Title: RCA Radio Corporation of America")). Even if the Court assumes that Plaintiff is the owner of a valid copyright, he alleges no facts suggesting that any of the defendants infringed that copyright.

Plaintiff also makes a reference to the Lanham Act. (*See* ECF 1, at 1.) Although Plaintiff does not explain how Defendants violated the Lanham Act or specify the provision of that Act under which he is suing, Plaintiff may be attempting to assert claims under the Lanham Act for trademark infringement, unfair competition, and false designation of origin. To state a such a claim, a plaintiff must establish that: (1) he owns a valid mark entitled to protection under the Lanham Act; (2) defendant used the protected mark in commerce, without plaintiff's consent; and (3) "defendant's use of that mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." *Merck & Co, Inc., v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 411 (S.D.N.Y. 2006) (internal quotation marks and citation omitted). Here, Plaintiff's complaint alleges no facts suggesting that Defendants violated his rights under the Lanham Act. Even if the Court assumes that Plaintiff owns a valid mark entitled to protection, he does not allege facts explaining how a defendant used that mark in commerce or that a defendant's use of that mark is likely to cause confusion among consumers.

The Court therefore dismisses Plaintiff's civil claims for copyright infringement and his claims under the Lanham Act for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  **Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because Plaintiff does not currently state a federal claim, the Court declines, at this time, to exercise supplemental jurisdiction of any state law claims that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim for copyright infringement and a claim under the Lanham Act, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-9084 (LTS). No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff at his address of record, and to Plaintiff at 1432 West 7th Street, Chester, Pennsylvania 19013.

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge