UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANNY AMEN VALENTINE SHABAZZ,

                     Plaintiff,

           -against-

ROBERT RZA DIGGS; SCOTT
WHITELEATHER; ROBERT IGER; RON
HOWARD; BRIAN GRAZER; CHRIS
BRUCE; NICK SABEAN,

                     Defendants.

23-CV-9084 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated January 3, 2024, the Court dismissed the complaint for failure to state a claim on which relief may be granted, with 30 days' leave to replead. (ECF 5.) Plaintiff did not file an amended complaint, and, on February 26, 2024, the Clerk of Court entered judgment. (ECF 6.) On April 9, 2025, more than a year after the judgment was entered, Plaintiff filed an amended complaint (ECF 7), and, on April 23, 2025, he filed a "Motion for Review of the Court's Order of Dismissal" (ECF 8).

The Court liberally construes Plaintiff's submissions as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (holding that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

**DISCUSSION**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or

judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing
> party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or (6) any other reason justifying
> relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one

year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P.

60(c)(1).

Plaintiff filed his amended complaint on April 9, 2025, and he filed his motion on April

23, 2025. Both documents were filed more than a year after the Clerk of Court entered judgment

on February 26, 2024. To the extent Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(1)-(3), the

motion is denied as untimely.

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of

his motion, Plaintiff has failed to demonstrate that the grounds listed in the fourth and fifth

clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under either of these clauses is

denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also

denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in

clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v.

Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot

circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the

residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 8) is denied. The Clerk of Court is directed to terminate all motions in this action. This action is closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 6, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

3